and Jonathan Kaufman appearing for the Petitioner. Well, what I'll discuss first with Ms. Aldana is this issue of the notice to appear. In Ms. Aldana's case, the – she initially pledged to the notice to appear and conceded proper service and conceded her removability and then subsequently made an application – a motion to terminate the case saying that the filing of the notice to appear did not vest the immigration judge with subject matter jurisdiction. The immigration judge, in denying the motion, did not take issue with the fact that pleadings were previously taken, and the BIA affirmed the judge's decision without opinion. What the immigration judge focused on was a regulation, HCFR 239.1, and the immigration judge found that that was not a regulation that provided any benefit to Ms. Aldana and that its violation, if there was one, was not prejudicial. We don't believe that that's – Why is that – why do you contend that that regulation governs jurisdiction as opposed to other statutory provisions? Well, the Immigration Nationality Act at 1229 says that an alien is entitled to service of a notice to appear that's issued by the Secretary of Homeland Security. The Act at 1229A1B says that that notice to appear has to include notice of the legal authority for the proceeding. The – by regulation, the Secretary's authority to exercise discretion, to make the decision to – to initiate a removal case is delegated to certain immigration officers. The Congress, in enacting 8 U.S.C. 1103, gave form-making authority to the Attorney General and now to the Secretary of Homeland Security, and a form was prescribed for use to issue a notice to appear, and that form requires the – that the immigration officer who issues the notice to appear be identified by signature and title. So I think if you look at the Act in its entirety and 8 – Let's assume everything you just said is true, that there's a form, and the form has a line for signature and a line for title. Why would that – if someone signed, for example, and didn't recite their title on that form, why would that destroy jurisdiction? Well, I think that the party who has the burden of proving the immigration court's jurisdiction is the Department of Homeland Security, because they're the party that's invoking the immigration court's jurisdiction. But isn't there a statute that says the – that they have jurisdiction over removal proceedings? If it's clearly a removal proceeding, but the title isn't shown, what – why would that be a lack of jurisdiction? Well, if the officer who – I'm not – I'm not saying your argument can't be correct. I'm trying to get you to elaborate it, because I think there are other statutory provisions that address jurisdiction as opposed to provision relating to a notice to appear. That address jurisdiction in a removal proceeding? Yeah. Is that what Your Honor is saying? Well, I think that the – that 8 CFR 239.1 has to be given some effect. If you say that any officer, as the government argues in its answering brief, that any immigration officer can issue a notice to appear, well, that clearly is an argument that can't be sustained. The regulation is there for a purpose. The regulation is there to say that these are the specific and limited officers who can exercise the Secretary's discretion to issue a notice to appear. If the notice to appear is not issued by the Secretary of Homeland Security, well, then the charging document is a legal nullity. And its filing with an immigration court could not possibly vest an immigration judge with jurisdiction to adjudicate a removal case. Okay. I think that 8 U.S.C. section 1229A gives immigration courts jurisdiction over removal proceedings. Yes. Yes. And if you – So in the face of that, in the face of that, your contention seems to be that assuming that there was an irregularity on the face of the document that was the notice to appear, that that would divest the court of jurisdiction. Well, 1229A would only take effect if 1229 was complied with. If, in fact, the alien was served with a notice to appear. So if the alien wasn't served with a notice to appear, then the filing of a null – But they're clearly – but they're clearly, in your case, in this case, served with a notice to appear, your contention is that there's an irregularity with the note, that it's not a perfect notice to appear, or that it doesn't, on its face, show it was signed by the – by a correct person. The contention, Petitioner's contention, is that the Department of Homeland Security did not prove that that notice to appear was issued by an officer who had been delegated to Secretary of Homeland Security's discretion. Let me just address that then. How does your – how does that contention square with the lines of authority in immigration law or in other areas of the law, just generally in administrative law, that there's a presumption of regularity Well, the presumption – Why wouldn't there be a presumption? Why isn't there a presumption of regularity and a presumption that the persons who signed the notice to appear have authority to do that? So if you get a form and it's illegible, the government meets its burden with the presumption of regularity. I mean, there are a legion of cases on that presumption in many different administrative agency contexts. So I guess I need to hear from you as to why you think this type of proceeding and this agency are different and why that presumption would not be applied. Well, first, I – the BIA did not rely on a presumption of regularity to make a finding that the – It doesn't matter, really. I don't know that it matters what they relied on. We're the reviewing court, and you're contending that the proceeding's invalid because a form was signed by the wrong person. So it's not a question of, in my mind, what did the BIA rely upon. It's a question of what has the Supreme Court told us as an Article III court to do. Well, the – So? No, I understand the Court's question. The – charging Ms. Aldana with the burden of proving a negative, proving that the notice to appear was not issued by an immigration officer identified in the regulation, would be an insurmountable burden. She could never prove that. She doesn't have access to the agency's adjudication records. She doesn't have access to the agency's personnel records. All of the information is in the possession of the Department of Homeland Security. But just as a matter of common sense and process, what happens to the notice of appeal, notice to appear after it's served on the alien? It's served on the alien, and then what? The – a notice to appear is served on the alien, and a notice to appear is filed with the immigration court. It's the filing of the notice of appear with the immigration court that commences the removal proceeding and vests the immigration judge with subject matter jurisdiction. Then the alien is taken to the immigration court on the basis of the notice to appear. That's correct. And isn't that the place to raise the inadequacy? In other words, there you may have everybody's there, you do it there very efficiently, and you go on about your business. She did it there, Your Honor. She filed the motion to the immigration judge. At the immigration judge? At the initial appearance. She raised this issue initially. She raised the issue before the final individual calendar hearing. When she appeared at the initial master calendar hearing and pledged a notice to appear, she didn't raise it. She raised it subsequently. But she raised it while the case was still at the immigration court level when there was the opportunity to present evidence. And no evidence was presented by the Department of Homeland Security in response. Instead, they made arguments that they didn't have to provide that notice, that there was no statutory or regulatory requirement that they tell the alien the title of the immigration officer. And the immigration judge said, well, it doesn't really matter if you know or not, because there's no prejudice. What does it matter? And it does matter to both the immigration – it should matter to the immigration judge and it mattered to Ms. Aldana, because she was entitled to have her case reviewed by the Secretary of Homeland Security. She was entitled to have just the discretion of whether or not to remove her be exercised by a senior immigration officer. That's why the form prescribed for use requires that the title be there, so that the immigration court can know that the – a senior official made that determination, and the alien can have confidence that the – her case was reviewed. But here, there was nothing. The – there was just a finding that the regulation – that the regulation – violation of the regulation just didn't matter at all. MS. GOTTLIEB Right. I – MR. GOLDSMITH There are hundreds – there are thousands, perhaps, or at least that prescribe how different people at different levels are supposed to handle different tasks. And your position seems to be that a – that a reviewing court in any of the – any of those agencies' proceedings has to permit litigation about whether the different people at different steps had the authority to do what they were doing. MR. GOTTLIEB Well, I think that that – that the court's comment really goes to what are the – the different stakes. And in this case, you have an alien who – who claims that she's going to be persecuted, an alien who's lived in the United States for more than a decade, who's facing deportation to a country where she's had a relative murdered, where just a couple years before, her son was murdered. I think it's important that – that in that type of situation, particularly a regulation having to do with the – the very inception of – of the decision to – to deport, that – that it is being made rationally and – and being made by – by agency officials who – who have the authority to move her out of the country and to the place where she says that she's – she's fierce persecution. MS. GOTTLIEB All right. Because this issue was – it was batched on a number of cases, I – I want to – I – I have a question on some of the specifics of Ms. Hernandez's case that I want to ask you. In the – that – now, my understanding is she did not testify at the hearing. Is that correct? MR. GOTTLIEB That's correct. MS. GOTTLIEB All right. She relied on her – her asylum application, which was filled out in 1992. Is that right? MR. GOTTLIEB That's right. MS. GOTTLIEB Now, if – did she present any evidence whatsoever or testimony concerning the conditions of Guatemala following her departure from the country in 1992? MR. GOTTLIEB She had the death certificate from her son that her son was – was shot and killed. MS. GOTTLIEB All right. And that – all right. And then – now, if the only evidence before the immigration judge concerning Guatemala is a country report that indicates that guerrillas – that the guerrillas who threatened Mr. Hernandez in 1992 are no longer an organized or threatening force, why is that not sufficient to rebut the presumption of future persecution that arises from a finding of past persecution? MR. GOTTLIEB Well, no one – none of the agency officials, the immigration judge or any agency official in the United States, has ever said that she had a well-founded fear. No one reviewed whether or not – MS. GOTTLIEB Well, but if she doesn't testify, you know, she didn't give them anything – you know, she doesn't give them anything on that. MR. GOTTLIEB Well, she did. She had an application, and it was – it was determined that she would testify. MS. GOTTLIEB All right. But that goes back to 1992. We don't have anything from her  MR. GOTTLIEB Not at this point. MS. GOTTLIEB And I'm assuming that that was a strategic decision. MR. GOTTLIEB Well, there's always a lot of different tactics that go into a case, and that's – that's correct. And – but the application, the form, set forth certain factual allegations which, viewed cumulatively, could be found to constitute past persecution. The problem in Ms. Aldana's case is that her case wasn't fully analyzed. The immigration judge never considered whether or not there was past persecution. The immigration judge just looked at whether or not she had a well-founded fear. If she had past persecution, she could be granted asylum in the absence of a well-founded fear of persecution. MR. GOTTLIEB So I take it your – your contention is that the immigration judge didn't analyze the claim of past persecution under the required legal framework, right? MR. GOTTLIEB That's correct. MR. GOTTLIEB The immigration judge said because you don't have a worry about a fear in the future, you didn't have past persecution, whereas the immigration judge should have made a determination up or down whether – whether there was past persecution. And if so, then she gets a presumption of fear of future persecution, which the government can rebut. But even if they rebut it, I guess the agency has discretion in some cases to give relief depending on the nature of past persecution. MR. GOTTLIEB That is correct, Your Honor. And that was the – the error that the immigration judge made. If the immigration judge had found past persecution, the immigration judge would have had discretion to – to grant asylum in the absence of a well-founded fear. Based on the seriousness of the past persecution, the immigration judge also could have granted asylum based on the risk of other serious harm, which, in other words, having nothing to do with the threat of the persecution that brought Ms. Aldana to the United States. For instance, her son being murdered, the country conditions in Guatemala, which the government's evidence showed, continued to be violent and dangerous. Perhaps the immigration judge would have considered the lengthy residence Ms. Aldana had in the United States, the fact that she was a law-abiding person here in the United States. There are a lot of different factors that could have come into play if the judge had found past persecution. MS. GOTTLIEB All right. Thank you. MR. GOTTLIEB On this issue, you may want to – on Hernandez, you may want to hold some time for a rebuttal argument, because I'm interested in the government's explanation as to – you know, the government's position as to what the I.J. did. I'm having difficulty telling one way or the other whether the I.J. made a finding of past persecution. MR. HERNANDEZ Yes, Your Honor. Well, right now I'm seven days from my time. MS. GOTTLIEB But the good news is that we get to keep the clock. So if we still have questions – so what I'll do at this point is I will – I'll allow the government to make their presentation. I'll reserve at least one minute for you in rebuttal. And if Judge Gold has additional questions or any panel members, we'll allow you to rebut as long as we need you to rebut.  Thank you.  GOTTLIEB Good morning, again. MS. GOTTLIEB May I please have the floor, Michelle Latour, for the government? On the issue of the merits, the government's position is that this case is on all fours with controlling precedent in Gonzales-Hernandez, this Court's decision at 336F3995. With respect to whether or not the immigration judge actually made a finding of past persecution, it's clear from the analysis in the immigration judge's decision that the IJ assumed past persecution and went on to the question of whether or not there was a change. MR. HERNANDEZ How is that clear? Counsel, how is it clear that he assumed that and went on? I've read what the IJ said four or five or more times, and I certainly, he never says he's assuming past persecution. It goes directly to the changed country conditions. And in fact, who did he put the burden on on that? He never says he's giving a presumption that he's assuming this and assuming that he's giving a presumption to the claimant and the government has rebutted it. At least I'm missing this. If he's saying it, I'm, I saw your argument saying that he assumed this and then he did that. It seemed to me he just sort of slid across it imprecisely. I think that it can be gleaned from the two particular statements in the immigration judge's decision at pages four and pages five, where the immigration judge says explicitly the court is persuaded that the country conditions in Guatemala have changed. And that's a tracking of the regulatory language of. Okay. Okay. But where does he say that he's putting the burden on the government to show that they've changed? Well, he never said that explicitly, Your Honor, but what's very clear from the record in this case is that Ms. Hernandez appeared in immigration court. She relied solely on her application from 1992 and that the only other evidence that was placed in the record was by the government. And that was in the form of the country report. Well, but okay, the immigration judge could have arguably at that point, if she did rely on the application, and I think possibly even in a way that, you know, an argument could be made that based on what she said happened to her back in 1992, the court could have said there wasn't past persecution. But the court didn't say that, right? I don't, there, there's no finding. Because that would have been the end of this. I mean, that would have ended the story. Well, I'm not so sure. Well, I'm not so sure that it would have ended the story because I think that the immigration judge would still have had to look at whether or not there was a well-founded fear of persecution on independent grounds, which it actually did in this case and found that there wasn't. So the analysis was a bit twofold in this particular instance. But I think from. Can you slow down a little? Sure. I'm sorry. I apologize. But from the totality of the immigration judge's decision, it is, it is clear that there was an assumption of past persecution and that the burdens were not inappropriately placed, that the immigration judge did reasonably rely on. Where is the finding of past persecution? I'm sorry. I didn't hear the question. Where is the finding of past persecution by the I.J.? Your Honor, I'm not sure that there was actually a finding of past persecution here. I think that from the analysis, it's clear that the immigration judge assumed it. Well, look, let me make or ask you a question. And, you know, you're doing an excellent advocacy job with a case where the I.J. hasn't made it easier for you. Here's my question. Why should we be sitting here as an appellate panel trying to guess what the I.J. was doing? If the I.J. didn't recite the clearly established law and make findings in accord with it, which we see done in 90 percent of or more of these immigration cases, why shouldn't we just send that back to the BIA and explain that the I.J.'s opinion didn't track the law? So take another shot at it. Well, Your Honor, certainly if the court concludes that the appropriate determinations were not made in this case, then the government obviously would agree that the case should be remanded to the board for further proceedings consistent with that analysis. But in the end, in this case, because of the circumstances of the case and because the that tracks the regulation and it tracks the necessary analysis, it seems that this that the court could affirm on that basis, on the basis that there really has been a change in country conditions in Guatemala and that she isn't entitled to asylum for those reasons, and especially in light of this court's precedent in Gonzalez-Hernandez. You know, there certainly have been changes in Guatemala, but I'm not sure we're under under the Supreme Court's precedent. I don't think we're supposed to be making a determination about that in the first instance. And the I.J. clearly was motivated by that. But at least I'm just speaking as one judge. I can't discern from the I.J.'s written opinion whether or not the I.J. made a finding of past persecution. And I also can't discern from that opinion whether, if the I.J., as the government argues, assumed past persecution, whether the I.J. considered it was the burden of proof of the government, the burden government had to persuade the I.J. that country conditions had changed. I know the government submitted the country report, but that's a slightly different issue as to whether the I.J.'s viewing it that the government has to prove as opposed to the other party has to prove it. Well, the only thing I could say about that, Your Honor, is that that wasn't an issue that was raised or briefed by the other side, either below or before this court. Well, I think below it was not it was not raised as an issue. He may have raised it in his reply brief in this case. But again, certainly, certainly the issues that are raised, there's an issue claimed that there's there was past persecution, and we don't have a clear finding on that from the I.J. I'm just letting you know what's troubling me about this case. I I understand the court's point is well taken. I the only thing that I could add with respect to the past persecution is is that in the end, as I stated before, the analysis seems to be sound on the changed country condition that conditions issue. And inasmuch as there was no finding express finding on past persecution, the findings or the argument that opposing counsel makes with respect to particularly serious harm and humanitarian asylum, those were also issues that were not raised below in terms of whether or not there had to be a finding of an absolute finding of past persecution in this case. And as much as the petitioner raises an issue about the notice to appear in this case, the the the argument below was that the E.R. did not have jurisdiction over this case because of the failure to disclose jurisdictional facts. But the signature on a notice to appear is certainly not is certainly not a jurisdictional fact. That in a similar way, I'm looking I'm looking at this at Section 1229 and. I mean, would it establish would there be jurisdiction in a case where a notice to appear was served, but instead of being executed by an immigration official, you know, it was executed by, you know, someone who on their face didn't work for the agency? Well, your honor, I think that that's a question that the immigration judge and the board would have to address in the first instance, but that certainly would were not the set of circumstances in this case. At least the petitioner didn't prove as much. And it was his motion to terminate. What's clear is that all of the necessary jurisdictional facts in this case were established. The notice to appear was personally served. She did not. She went to the immigration court hearing. She appeared. She did not contest her removability in any in any way. And she had a full understanding of the legal and factual foundation for her removability. And under those circumstances. All right. So you're saying the identity and title of the official who signs the notice to appear isn't a jurisdictional fact? Exactly. I think that there could still be some question before the immigration court during the hearing as to whether or not any regulation has been violated, but it certainly is not a jurisdictional fact that would divest the court of jurisdiction. And how do you answer your opposing colleague's argument that sort of like what's the remedy if the regulation is violated? Well, I think, again, that's something that the immigration court and the board would have to decide in the first instance, your honor. There has there have been there's at least one published decision from the Board of Immigration Appeals Hernandez at 21 INN DEC 224 that suggests that termination of removal proceedings certainly would not be the remedy. And maybe something short of that would be the remedy. And that's certainly the case in a case like this one where she appeared for the hearing and she concedes all of the elements of removability. And there's no question about her illegal presence here in the United States. Okay. Thank you, counsel. Thank you. Thank you. All right, Mr. Kaufman, I'm going to set the clock in a minute. But if any of judges have any additional questions, Judge Gould, did you want to jump in on this? I think you said you might have a response. Question? Yeah, I I doubt that I'm going to need anything more on this, so go ahead. All right. So you're going to jump in on this. We have a minute. Okay, thank you. The Ms. Aldana did raise to the BIA the issue of if she proved past persecution, whether or not the Homeland Security met its burden to rebut it. It appears at page 17 of the administrative record in her appellate brief. She also raised the issue of whether or not she was eligible for discretionary grant of asylum based on suffering serious harm in her appellate brief. That appears at page 18 of the administrative record in her brief. As far as the board case that the government just cited, Hernandez, I don't think that Hernandez is really on point here. Hernandez dealt with whether or not termination was required where a border patrol officer didn't, when serving an order to show cause, didn't advise of the right to counsel and different rights that have to be given. And the board found that because the immigration judge had a concurrent duty to provide those notices at the deportation hearing, that there was no reason to terminate. But in this case, where it's you're dealing with whether or not there's evidence of the title of the immigration officer, there is no concurrent jurisdiction. The immigration judge didn't know who the officer was because the DHS didn't put it in the NTA. So... All right. You've used your time. So this matter will stand submitted at this time. Judge Gould, we're going to need to take a five-minute recess very briefly, and then we'll be back on the record. So we'll be back in five minutes. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. All right. I'm going to put a number of matters on the record before I call the last case, because we have a number of submitted matters. Manuette Singh-Find, case number 0570600, that matter versus Alberto Gonzalez, that matter is submitted on the briefs and is submitted as of this date. Sawida Coley versus Alberto Gonzalez, case number 0572761, is submitted on the briefs as of this date. Juan Buccio, U.C., May versus Alberto Gonzalez, case number 0574323, submitted on the briefs, submitted as of this date. Jose Joel Mondurellao versus Alberto Gonzalez, case number 0670870, submitted on the briefs and submitted as of this date. United States of America versus Reginald Aikens, case number 0610168, is submitted on the briefs and will be submitted as of this date. The last matter on calendar, where counsel will both appear to be present for argument, is United States of America versus Jeffrey Lee Thurber, case number 0610290.
judges: T.G. Nelson, Gould, Callahan